## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO
## ALBUQUERQUE DIVISION

| | |
|---|---|
| Salvador Muniz Ruiz, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| Nelson Construction LLC and Jerry Nelson, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE U.S. DISTRICT JUDGE:

Plaintiff, Salvador Muniz Ruiz, brings this action against Defendants Nelson Construction LLC and Jerry Nelson (cumulatively "Defendants"), and in support thereof, would show the Court as follows:

### Introduction

1. Plaintiff brings this action for unpaid wage compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, et seq. Plaintiff seeks damages for unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

### Jurisdiction, Venue, and Parties

2. Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants operated their construction business in Albuquerque, New Mexico, and Plaintiff worked for Defendants in Albuquerque, New Mexico.

4. Plaintiff is an individual who resides in Albuquerque, New Mexico. Plaintiff worked for Defendants in  Albuquerque, New Mexico, from January 2021 until August 2021.

5. Defendant Nelson Construction LLC is a New Mexico limited liability company in the business of construction.

6. Defendant Jerry Nelson is a resident of New Mexico, and was the Member and a manager of of Defendant Nelson Construction LLC at all relevant times.

**Facts**

7. Defendant Jerry Nelson operated the construction business Defendant Nelson Construction LLC; both Defendants are employers as defined by 29 U.S.C. § 203(d).

8. Defendants had and have employees subject to the provisions of 29 U.S.C. § 206.

9. At all times material to this complaint, Defendant Nelson Construction LLC employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.

10. At all times material here to, Defendant Jerry Nelson actively ran the construction business Defendant Nelson Construction LLC on a day-to-day basis; acted directly or indirectly in the interest of the construction business in relation to Plaintiff's employment; and/or was substantially in control of the terms and conditions of Plaintiff's work.

11. Defendant Jerry Nelson had the ability to hire and fire employees, supervised or controlled employees' work schedules and conditions of employment, and/or determined the rate and method of payment of wages to employees. Defendants Jerry Nelson was Plaintiff's employer(s) as defined by 29 U.S.C. § 203(d).

12. Plaintiff worked for Defendants in remodeling, carpentry, painting, and roofing.

13. Plaintiff was at all times materially individually engaged in interstate commerce, as his/her work was directly involved with using materials and goods which traveled across state lines.

14. During one or more weeks during Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours.  Attached as Exhibit A is a true and correct spreadsheet identifying Plaintiff's Employment information; Ex. A is incorporated herein.

15. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the FLSA by failing to compensate Plaintiff at a rate not less than one and

one-half times her regular pay rate of pay for each hour worked in excess of 40 hours in a workweek.

16.  Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated the FLSA by failing to compensate Plaintiff at the legally-required minimum wage.

17. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime and minimum wages that should have been paid but were not paid.

18. Defendants failed to act reasonably to comply with the FLSA, and as such, Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

19. Plaintiff is also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees, and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

20. Plaintiff has retained the law firm of Justicia Laboral LLC to represent her in this action. Plaintiff has entered into a valid contract with Justicia Laboral LLC and has appointed the undersigned counsel to be his/her agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to her attorneys in this suit, all communications concerning this suit must be made by Defendants' attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorneys' fees that Plaintiff is entitled to collect against Defendants pursuant to 29 U.S.C. § 216(b).

**Request for Relief**

For these reasons, Plaintiff demands judgment, jointly and severally, against Defendants as follows:

a. Unpaid overtime wages and/or  minimum wages found to be due and owing, in an amount of at least $6,066.67;

b. An additional amount equal to the amount of overtime wages found to be due and owing as liquidated damages, in an amount of at least $6,066.67;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorneys' fees, costs, expert fees, mediator fees, and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. §216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and

e. For any such other relief as the Court may find proper, whether at law or in equity.

**Plaintiff(s) request trial by jury for all counts where allowed**

s/   James M. Dore

**Justicia Laboral LLC**
**James M. Dore (IL Bar # 6296265)**
*Attorneys for Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL. 60646
P: 773-942-9415 ext 105
E: jdore@justicialaboral.com; Jmdore70@sbcglobal.net

**EXHIBIT A - NM21F004181 Munoz Ruiz v. nelson Construction**

| Dates | OT Hrs per Week | Total Wks | Total OT Hours | OT Wage Rate | Actual Paid Wage | Unpaid OT Wages Owed |
|---|---|---|---|---|---|---|
| 1/2021 - 8/2021 | 20 | 30.333 | 606.6666667 | $30.00 | $20.00 | $6,066.67 |
|  |  |  |  |  |  | **$6,066.67** |